**ORIGINAL**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: June 8, 2016)

**FILED**
**JUN - 8 2016**
OSM
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED |
| WILLIAM ALLEN JACKSON, | |
| | No. 15-919V |
| Petitioner, | |
| | |
| v. | Chief Special Master Dorsey |
| | |
| SECRETARY OF HEALTH | Vaccine Act Entitlement; Insufficient |
| AND HUMAN SERVICES, | Proof of Causation; Influenza (Flu) Vaccine; |
| | Guillain-Barre Syndrome (GBS). |
| Respondent. | |
| * * * * * * * * * * * * * * | |

William Allen Jackson, Moreno Valley, CA, *pro se*.
Adriana Ruth Teitel, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION

On August 24, 2015, William Allen Jackson ("petitioner") filed a petition alleging that he suffers from Guillain Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccination he received on September 9, 2012.[1] Medical records in support of the petition were filed on CD and received by the Court on September 4, 2015.

The initial status conference was held on October 27, 2013. Petitioner and his daughter, Ms. Kim Jackson-Williams, participated in the call *pro se*. Ms. Adriana Tietel appeared on behalf of respondent. During the initial status conference, the undersigned allowed petitioner 60 days in which to retain an attorney to represent him. Respondent filed a status report on December 28, 2015, regarding the completeness of the records. Respondent noted the discrepancy with regard to the date that petitioner received the flu vaccine and stated her belief that "petitioner's 2012 flu vaccine is too far removed from the onset of his GBS in March 2013[] to be causally connected." Respondent's (Resp.'s) Status Report dated December 28, 2016 (ECF No. 11). No additional medical records were requested, and respondent recommended that the case be dismissed.

A status conference was held on February 18, 2016. Petitioner and Ms. Jackson-Williams appeared *pro se*. Ms. Adriana Teitel appeared on behalf of respondent. During the status conference, petitioner reported that he had been unsuccessful in finding an attorney to

---

[1] The date of vaccination given in the petition is September 9, 2012, but the actual date of vaccination is disputed. However, the parties agree that petitioner received the influenza vaccination in either mid-September or mid-October 2012. See Scheduling Order dated February 22, 2016.

represent him. The undersigned noted the confusion in the record regarding when petitioner received the influenza vaccination, and respondent reiterated her belief that the precise date of the vaccination was not needed in order to move forward with the case.

The undersigned stated that after a thorough review of the medical records, the records show that petitioner received the influenza vaccination in either mid-September or mid-October 2012 and subsequently began experiencing symptoms of GBS around January 24, 2013. See Petitioner's ("Pet'r's") Exhibit 2 at 14, 17. The undersigned explained that the typical onset of GBS associated with the influenza vaccination is between three and 42 days and that petitioner's case does not fit this window.[2] The undersigned gave the parties her preliminary opinion that petitioner would not be entitled to compensation. She allowed petitioner an additional 30 days, until March 21, 2016, to continue to seek legal representation and informed him that if petitioner did not have an attorney by that time, she would issue an Order to Show Cause.

Petitioner did not obtain legal representation by March 21, 2016. An Order to Show Cause was issued on May 5, 2016, which explained that petitioner had not offered evidence showing that he suffered a vaccine-related injury. Petitioner was given an additional 30 days in which to file additional medical records or a medical expert report in support of the petition. Petitioner was warned that if this deadline was not met, the petition would be dismissed. Since the date of the Show Cause Order, petitioner has not filed any medical records or other documents.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, petitioner has not filed any medical records tending to show that his GBS was caused by the influenza vaccination, and he has not filed the opinion of a medical expert.

---

[2] Assuming that petitioner received the influenza vaccine in mid-October, (or about October 15, 2012) and petitioner's symptoms began on January 24, 2013, results in an onset period of 101 days, which is far too long to be causally associated with the vaccine.

Therefore, this case is dismissed for failure to prosecute. The Clerk SHALL ENTER JUDGMENT accordingly.

IT IS SO ORDERED.

Nora Beth Dorsey
Chief Special Master